(No. 1905—)

RICHARD A. SLATTERY, ADMINISTRATOR OF THE ESTATE OF RICHARD SLATTERY, JR., Deceased, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed March 6, 1933.*

LOUIS N. BLUMENTHAL, for claimant.

OSCAR E. CARLSTROM, Attorney General; CARL DIETZ, Assistant Attorney General, for respondent.

Mr. JUSTICE THOMAS delivered the opinion of the court:

The claimant, Administrator of the estate of Richard Slattery, Jr., files his claim for $10,000.00 damages and a further sum of $400.00 for doctor bills and funeral expenses for the death and burial of Richard Slattery, Jr. The declaration charges that on May 16, 1931, Richard Slattery, Jr., was playing on a slide in the park located at Thirty-third and Shields Avenue, Chicago, known as Armour Square. That the park was a public park and under the control, supervision and jurisdiction of the South Park Commissioners, a municipal corporation. That the claimant was in the exercise of due care and caution for his own safety and had a lawful right

to be upon said slide. That the South Park Commissioners negligently failed to maintain the slide in a good state of repairs, as a result of which Richard Slattery, Jr., fell from the slide and received an injury from which he died on the 17th day of May, 1931. The State has filed a plea to the jurisdiction of this court setting up that Armour Square is under the control and supervision of the South Park Commissioners of the City of Chicago, a municipal corporation. That the declaration fails to aver in what manner the State of Illinois is liable for damages for the death of the said Richard Slattery, Jr. That the South Park Board of Chicago is a municipal corporation and is not a subdivision of the State of Illinois, or any department of the State Government. This court has in former opinions expressed itself as to extending the liability of the State of Illinois in cases of similar nature and the court is of the opinion that the Legislature of the State of Illinois did not intend to include in the Act creating the Court of Claims any authority to obligate the State of Illinois, either as a matter of law or through equity and good conscience to assume obligations of this character. (*Perkins, Fellows & Hamilton* vs. *State,* 4 C. C. R. 197; *Otto Stine, Adm.* vs. *State,* 6 C. C. R. 329.) The Court of Claims in our opinion has no jurisdiction in this case and the case is dismissed for want of jurisdiction.